# UNITED STATES *v.* BEATTY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 555.   Argued January 12, 13, 1914.—Decided February 24, 1914.

A judgment of the Circuit Court of Appeals, reversing a judgment of the District Court which confirmed an award of commissioners in condemnation proceedings by the United States and vacating that award and requiring the compensation to be ascertained through a trial by jury, is not a final judgment but essentially interlocutory and not reviewable by this court.

A writ of error to review such a judgment of the Circuit Court of Appeals is premature and must be dismissed; if the judgment is erroneous and ultimately operates prejudicially to the Government, it may have the error corrected by writ of error from this court after the case has proceeded to final judgment in the Circuit Court of Appeals.

If a case can be brought to this court by appeal or writ of error under § 241, Judicial Code, it cannot be brought here by certiorari under § 240, Judicial Code; the two methods of review are not co-existent.

The power given to this court by § 262, Judicial Code (§ 719, Rev. Stat.), contemplates the employment of the writ of certiorari in instances not covered by § 240, Judicial Code.

A decision by the Circuit Court of Appeals that the provision in the Seventh Amendment preserving the right of trial by jury applies to a proceeding to condemn land and remanding the case to the District Court for further proceedings in accord with that decision, is an exercise of undoubted jurisdiction whether right or wrong, and if wrong and ultimately operating to the prejudice of the Government it can be reviewed and corrected by this court on writ of error from the final judgment, but not from the interlocutory judgment.

Interlocutory judgments frequently become of no importance by reason of the final result or of intervening matters.

Writ of error to review, 203 Fed. Rep. 620, dismissed and petition for writ of certiorari denied.

THE facts, which involve the jurisdiction of this court to review judgments of the Circuit Courts of Appeals, are stated in the opinion.

*The Solicitor General*, with whom *Mr. W. C. Herron* was on the brief, for the United States.

*Mr. E. Hilton Jackson* and *Mr. D. C. O'Flaherty*, with whom *Mr. E. H. Jackson* was on the brief, for defendants in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a statutory proceeding by the United States to acquire for public use, by condemnation under judicial process, certain land in Warren County, in the Western District of Virginia. It was based upon two congressional enactments: one, a provision in the Army Appropriation Act of March 3, 1911, c. 209, 36 Stat. 1037, 1049, appropriating "not to exceed two hundred thousand dollars for the purchase of land accessible to the horse-raising section of the State of Virginia, for the assembling, grazing, and training of horses purchased for the mounted service;" and the other, the act of August 1, 1888, c. 728, 25 Stat. 357, which reads as follows:

"That in every case in which the Secretary of the Treasury or any other officer of the Government has been, or hereafter shall be, authorized to procure real estate for the erection of a public building or for other public uses he shall be, and hereby is, authorized to acquire the same for the United States by condemnation, under judicial process, whenever in his opinion it is necessary or advantageous to the Government to do so, and the United States circuit or district courts of the district wherein such real estate is located, shall have jurisdiction of proceedings for such condemnation, and it shall be the duty of the Attorney-General of the United States, upon every application of the Secretary of the Treasury, under this act, or such other officer, to cause proceedings to be commenced

for condemnation, within thirty days from the receipt of the application at the Department of Justice.

"SEC. 2. The practice, pleadings, forms and modes of proceeding in causes arising under the provisions of this act shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such circuit or district courts are held, any rule of the court to the contrary notwithstanding."

The proceeding was initiated, under the Attorney General's direction, by a petition filed in the District Court of the United States for the district wherein the land is situate, praying for the appointment of commissioners, according to the law of the State, to ascertain the just compensation to be paid. Due notice having been given, the owners appeared and interposed objections to the proceeding; all of which having been considered and overruled, an order was entered appointing commissioners agreeably to the prayer in the petition and to the state statute. The commissioners viewed the land, heard the evidence, fixed the compensation at upwards of $30,000, and returned into the District Court a report of their proceedings and ascertainment. Exceptions to the report were filed by the owners and, after a hearing, were overruled; whereupon a judgment was entered confirming the report. 198 Fed. Rep. 284. The owners carried the cause to the Circuit Court of Appeals, and that court, being of opinion that the Seventh Amendment to the Constitution, preserving the right of trial by jury, embraces such a proceeding, reversed the judgment, with a direction that the compensation be determined upon a trial before a common-law jury. 203 Fed. Rep. 620. The United States then sued out the present writ of error, and subsequently presented a petition praying that the judgment of the Circuit Court of Appeals be reviewed upon writ of certiorari, if the writ of error should be regarded as premature.

Consideration of this petition was postponed to the hearing upon the writ of error.

As the proceeding was begun by the United States and the amount in controversy greatly exceeds $1,000, besides costs, there can be no doubt that the case is one in which a final judgment in the Circuit Court of Appeals may be reviewed by this court upon a writ of error. Judicial Code, §§ 128, 241. But the judgment rendered in that court is not final either in form or substance. It reverses the judgment in the District Court, vacates the commissioners' award, and requires that the compensation be ascertained anew through a trial by jury. Thus, it puts at large the principal matter in controversy and refers it to the District Court for solution in the mode indicated. It is therefore essentially interlocutory and cannot be the subject of a writ of error from this court. *Tracy* v. *Holcombe*, 24 How. 426; *Macfarland* v. *Brown*, 187 U. S. 239; *United States* v. *Krall*, 174 U. S. 385; *German National Bank* v. *Speckert*, 181 U. S. 405, 409. If it be erroneous and ultimately operates prejudicially to the United States the latter may, of course, secure its correction by a writ of error from this court, but not until the case proceeds to a final judgment in the Circuit Court of Appeals. *United States* v. *Denver & Rio Grande R. R. Co.*, 191 U. S. 84, 93; *Messenger* v. *Anderson*, 225 U. S. 436, 444; *Zeckendorf* v. *Steinfeld*, 225 U. S. 445, 454; *Union Trust Co.* v. *Westhus*, 228 U. S. 519, and cases cited. Being premature, the writ of error must be dismissed.

The power conferred upon this court by § 240 of the Judicial Code to require, by writ of certiorari, that cases in the Circuit Courts of Appeals be certified here for review and determination is plainly confined to that class of cases in which, according to the provisions of §§ 128 and 241, the final decrees and judgments of those courts are not reviewable upon appeal or writ of error; that is to say, if a case be one which may come here under § 241 by

appeal or writ of error after a final decree or judgment in the Circuit Court of Appeals, it is not a case which may be brought here by certiorari under § 240. It is not intended that these two modes of exercising appellate authority over the Circuit Courts of Appeals, one upon appeal or writ of error and the other upon certiorari, shall be co-existent as respects any case or class of cases, but rather that the former, where it exists at all, shall be exclusive. This is fully recognized in *Lau Ow Bew* v. *United States*, 144 U. S. 47, 58; *American Construction Co.* v. *Jacksonville Co.*, 148 U. S. 372, 385, and *Forsyth* v. *Hammond*, 166 U. S. 506, 513, 514.

This case is not within any of the classes enumerated in the latter part of § 128 and the amount in controversy is greatly in excess of $1,000, besides costs, so it is a case, as before indicated, in which a final judgment by the Circuit Court of Appeals may be reviewed by this court upon writ of error under § 241. And from this it follows that it is not a case which may be brought here by certiorari under § 240.

We do not overlook § 262 of the Judicial Code, formerly § 716 of the Revised Statutes, which empowers this court to issue all writs, not specifically provided for by statute, which may be necessary for the exercise of its jurisdiction and agreeable to the usages and principles of law. No doubt, this provision contemplates the employment of the writ of certiorari in instances not covered by § 240 and affords ample authority for using the writ as an auxiliary process and, whenever there is imperative necessity therefor, as a means of correcting excesses of jurisdiction, of giving full force and effect to existing appellate authority, and of furthering justice in other kindred ways. *American Construction Co.* v. *Jacksonville Co.*, 148 U. S. 372, 380; *In re Chetwood*, 165 U. S. 443, 462; *Whitney* v. *Dick*, 202 U. S. 132; *McClellan* v. *Carland*, 217 U. S. 268. But it may not be used under this provision as a sub-

stitute for an appeal or writ of error to correct mere errors committed in the exercise of a lawful jurisdiction. *American Construction Co.* v. *Jacksonville Co., supra; In re Tampa Suburban R. R. Co.,* 168 U. S. 583; *United States* v. *Dickinson,* 213 U. S. 92, 102.

Here the use sought to be made of the writ is not an admissible one. Whether the Seventh Amendment, preserving the right of trial by jury, embraces a proceeding to condemn land for public use was one of the questions arising for decision in the Circuit Court of Appeals. In deciding it, the court but exercised an undoubted jurisdiction, and this whether the decision was right or wrong. If wrong, it was a mere error, and the land owners, having invited it, will not be heard to complain. The jury may award a less compensation than did the commissioners, and, if so, the United States will hardly be in a position to complain. Interlocutory rulings not infrequently become of no importance by reason of the final result or of intervening matters, and that may be true here. But if the decision ultimately operates prejudicially to the United States, it can be reviewed and, if need be, corrected upon a writ of error from the final judgment, as before indicated. In this situation we perceive no adequate reason for resorting to the writ of certiorari under § 262.

*Writ of error dismissed;*
*Petition for certiorari denied.*