## REAM v. BOWERS.

(District Court, S. D. New York. September 9, 1926.)

**I. Words and phrases.**

The word "bequest" has a meaning that is not limited to a gift or gratuity and may include a recompense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bequest.]

14 F.(2d)—63

**2. Internal revenue ⊂⇒7(8)—Payment made under will held compensation for service, and not gift or bequest, and subject to income tax. (Revenue Act 1916, § 4).**

Under a provision of a will that "my executors shall each be paid and shall each receive in full payment for all commissions, percentages and allowances, by statute or otherwise, for acting as executors of this my will, the sum of $50,000," such sum was received by an executor as "compensation for personal services," and subject to income tax under Revenue Act 1916, § 4 (39 Stat. 756), and is not exempt as a "gift or bequest."

At Law. Action by Robert C. Ream against Frank K. Bowers. On motion to dismiss complaint. Granted.

Choate, Larocque & Mitchell, of New York City (William H. Hayes and Clarence V. S. Mitchell, both of New York City, of counsel), for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (Sherwood E. Hall, Asst. U. S. Atty., of New York City, A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, and Frederick W. Dewart, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

HAZEL, District Judge. The question presented on this motion to dismiss the complaint, which seeks to recover $10,204.08 illegally exacted as income tax and paid by plaintiff under protest, is whether a proviso in the last will and testament of Norman B. Ream, deceased, relating to compensation as executor, is to be construed to exempt the specified payment to plaintiff, as executor, from income tax. The will, after nominating the executors, provides as follows:

"Sixteenth. It is my will and I direct that my executors shall each be paid and shall each receive in full payment for all commissions, percentages, and allowances by statute or otherwise, for acting as executors of this my will, the sum of fifty thousand dollars ($50,000.00) each, and I do also will and direct that my sons Norman P. Ream and Robert C. Ream shall not be paid, nor shall they receive any commission, percentage or allowance by statute or otherwise for acting as Trustee hereunder except a commission of one per cent., to each of them on the amount of the income of the trust estate received and disbursed by the trustees. I further will and direct that the New York Trust Company shall be paid and shall receive in full payment for all commissions, percentages and allowances by statute or otherwise for acting as a trustee of this my will one per cent. of the principal amount of the trust estates received and disbursed by it as trustee, togeth-

er with one per cent. of the amount of the income of the trust estates received and disbursed by it as trustee."

Plaintiff's contention is that the amount of $50,000 to plaintiff was not taxable as income, inasmuch as it was acquired by gift or bequest. After providing for the payment of income tax, the Revenue Act of 1916 (39 Stat. 756) substantially defines the word "income" to include gains, profits, and income derived from salaries, wages or compensation for personal services of whatever kind and in whatever form paid, and by section 4 it exempts the value of property acquired by gift, bequest, devise, or descent. The question of liability is therefore narrowed as to whether the amount paid plaintiff as executor was either a bequest within the meaning of the exemption clause, or income derived from "compensation for personal services of whatever kind and in whatever form paid."

Reliance on both sides is placed on the decision by the Supreme Court of the United States in U. S. v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547, to support their respective contentions. In that case the will of the testator, in one of its clauses, gives and bequeathes a sum of money to Merriam, and in another clause designates him and others executors of his will, and expressly states that the bequests made in the will to his executors are "in lieu of all compensation and commissions to which they would otherwise be entitled as executors or trustees." The quoted declaration obviously was not conditioned upon Merriam discharging any duties as executor. The bequest to him and his coexecutors, adopting the reasoning of the Supreme Court, was plainly exempt from the provision of Revenue Act, § 4.

[1, 2] The facts of this case, to my mind, are clearly distinguishable, in that the compensation to plaintiff for his services as executor was fixed by the will without relation to any legacy or bequest to him. The phraseology of paragraph 16 of the will, in my opinion, is not open to the implication that plaintiff was entitled to receive the specified compensation without performing the duties required of an executor and trustee. Although the word "bequest" has a meaning that is not limited to a gift or gratuity, for not infrequently it includes a recompense, yet the requirement of actual service is clearly implied upon reading the two material provisions of the will. In this relation, the material provisions in the Merriam Case and the will here are open to different interpretations. The words "receive in full payment for all commissions and percentages * * * for acting as executor," and "shall not be paid for acting as trustee except a commission of one per cent.," cannot be regarded as a gift or bequest, in the absence of words or a declaration warranting such an inference, or in the absence of circumstances indicative of such a testamentary intention.

It is to be considered that, in separate paragraphs of the will in question, bequests are made to various persons and a division of the estate into six equal parts directed, one-fourth to plaintiff (without mentioning compensation as executor), and three-fourths (after division to others) devised in trust, while the paragraph relating to payment of the executors for their services is wholly silent as to any legacy to plaintiff, or an intention that he was directed to receive payment, regardless of any services performed by him. In the Merriam Case, on the contrary, the testator first expressly gave and bequeathed the amount, and, in a separate clause nominating the executors, he declared that the bequests made to his executors "are in lieu of all compensation or commissions to which they would otherwise be entitled." The bequest preceded a disposition of the remainder of the property, while here the will contains a plain direction of payment for performing specified services, without bequeathing, by direction or inference, the sum set aside.

The other adjudications, cited in the briefs as bearing upon a proper construction of the language embodied in paragraph 16 of the will in question, have been considered by me, but it is not believed that they require a different conclusion than that reached herein, viz. that the amount paid to plaintiff as an executor constituted remuneration for his services in the execution of his duties as executor and trustee, and was not a separate gift or bequest to him.

The income tax was rightly assessed, and the motion of the defendant to dismiss the complaint is granted.