## THE NANCY II.
### No. 2414.

Circuit Court of Appeals, First Circuit.
Feb. 17, 1930.

R. Chandler Davis, of Gloucester, Mass., for petitioner and appellant.

William H. Lewis, of Boston, Mass. (Matthew L. McGrath, of Boston, Mass., on the brief), for appellee and claimant.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal in admiralty from a decree of the Federal District Court for Massachusetts, confirming a sale of the schooner Nancy II, made by the marshal at the direction of the court, and from a further decree of the court refusing to set aside the decree confirming the sale. Certiorari proceedings issued out of this court in aid of the appeal, and are consolidated with it.

The Nancy II was arrested upon a libel brought by the appellant. No claimant of the vessel appearing, a default was duly entered, and an appraisal and sale of the vessel ordered. Numerous creditors intervened, whose claims disclosed that the vessel was in debt in excess of $20,000. The order of sale, dated November 4, 1929, provided "that said vessel and appurtenances

shall be sold by the marshal at public auction for the highest price, not under two-thirds of the appraised value thereof, that can be obtained for her"; and "that a sale by the marshal hereunder for a sum less than the appraised value of said schooner and appurtenances shall be subject to confirmation by the court"; and "that the marshal shall read this order at the sale before receiving bids."

On the same day (November 4, 1929) an appraiser was appointed, who on November 13, 1929, appraised the vessel at $12,000, and filed his report on the following day.

A warrant for the sale issued November 7, 1929, and commanded "the marshal to sell said vessel and appurtenances at public auction for the highest price, not under two-thirds of appraised value, at Boston, on November 16, at 12 o'clock noon, first giving seven days notice at least of the time and place by advertising the same in the Boston Marine Guide, one of the newspapers printed at Boston, the money arising from the sale to be paid into court, and to make due return of his doings."

The marshal's return on the warrant, under the date of November 15, 1929, states that he sold the Nancy II to James Sabella for $4,500, "by public auction, and to the highest bidder, at Gloucester on the day, hour and place therein directed, having given seven days previous notice of the time, place and manner of the sale, in the Gloucester Daily Times, one of the newspapers printed at Gloucester."

The marshal's report, under date of November 20, 1929, states that "pursuant to an order [warrant] for sale issued out of this court on November 7, 1929, he offered for sale at public auction on Saturday, November 16, 1929, at Gloucester, in said District, the above described Schooner Nancy II"; that the "highest bid received at said sale was offered by James Sabella, 292 North Street, Boston, for the sum of $4,500, which amount is less than two-thirds of the appraised value of said schooner of $12,000 now on file at clerk's office, United States District Court at Boston."

November 20, 1929, on the motion of James Sabella, the District Court ordered that his bid of $4,500 be accepted and the sale confirmed, subject to the objection and exception of the libelant.

November 21, 1929, an order was entered denying libelant's motion to set aside the confirmation of sale.

From the orders of November 20 and November 21, the libelant appealed, and filed his assignment of errors, in which he complains that the court erred: (1) In confirming the sale of the schooner; and (2) in refusing to set aside the confirmation of sale.

■ The claimant's demurrer to the petition for certiorari admits the allegations of fact therein contained.

It there appears that the petitioner, the libelant, through its proctor, at the hearing on confirmation of sale of November 20, 1929, protested against the sale on the ground that the bid of $4,500 was grossly inadequate, and that later, on that day, a bona fide bid of $8,000 for the schooner was made, and that $8,000 was, on the following day, paid into the office of the marshal as a bid for the vessel, and made the basis of its motion to set aside the confirmation of sale, which was denied; that the marshal delivered a bill of sale to Sabella, notwithstanding an exception had been taken to the order of confirmation and an appeal therefrom was pending; that Sabella was about to take possession of the schooner for the purpose of putting her to sea, and consequently there was grave danger that, in the lapse of time necessary to prepare the record for appeal and review in this court, the subject-matter of the controversy would be lost and any decision of this court of no value. The petition asked for an injunction restraining Sabella from taking possession of the same. The petition was granted, a writ of certiorari issued, and the marshal was directed to retain or take possession of the vessel and hold the same until a further order of this court.

■ The action in which the appeal was taken was a proceeding in rem against the schooner, the possession of which, or the proceeds thereof, was essential to the preservation of the jurisdiction of the court. The writ of certiorari, therefore, was issued in aid of the appellate jurisdiction of the court. Greyerbiehl v. Hughes Electric Co. (C. C. A.) 294 F. 802; Petition of Zeno (C. C. A.) 14 F.(2d) 418; United States v. Beatty, 232 U. S. 463, 467, 34 S. Ct. 392, 58 L. Ed. 686.

■ The first question raised by the assignment of errors involves a construction of the order of sale of November 4, 1929. The claimant, Sabella, contends that it authorized the marshal to make a sale to the highest bidder for a sum less than $8,000, subject to confirmation by the court. The appellant contends that, by the terms of the

184

order, the upset price, or least sum at which the marshal was authorized to make a sale, was $8,000 (two-thirds of the appraised value); and that, if a sale was effected for $8,000 or over, but less than $12,000 (the appraised value), confirmation by the court was required. We think the appellant's construction of the order is correct; and that creditors of the schooner and prospective purchasers at the sale had every reason to understand, when the marshal read the order of sale, that the lowest price at which the marshal was authorized to make a sale was $8,000, and that, unless the sale's price equalled or exceeded the appraised value ($12,000), confirmation was essential. As the price bid by Sabella was $4,500, no sale was effected under the order, and there was nothing open to confirmation under it. There is a further reason why the sale was invalid. The warrant for the sale not only commanded the marshal to sell the schooner for "not under two-thirds of appraised value," but that the sale should take place at Boston, November 16, 1929, at 12 o'clock noon, first giving seven days' notice of the time and place in the Boston Marine Guide, a newspaper printed in Boston. The return of the marshal on the warrant shows that the sale was held in Gloucester, and seven days' notice of the time and place of sale was given in the Gloucester Daily Times, a newspaper printed at Gloucester. It is difficult to see how the order of sale and the command in the warrant were complied with in any particular. The District Court could not make or authorize a private sale of the vessel without the consent of the appellant and the intervening creditors and other parties in interest. The only course open to it was to issue a new order and warrant for a public sale. Lambert's Point Towboat Co. v. United States (C. C. A.) 182 F. 388.

As the conclusion reached disposes of the case, it is unnecessary to consider any further questions.

The decrees of the District Court of November 20 and November 21 are vacated, and the sale to James Sabella, which did not pass a good title, is set aside. The funds in the hands of the clerk of this court, derived from the sale of the Nancy II, will be paid into the registry of the District Court for further order and disposition among the libelant and intervening petitioners claiming maritime liens upon said schooner. The Parkhurst Marine Railway Company, as petitioner and as appellant, recovers costs of both courts against the fund.