## PICKWICK–GREYHOUND LINES, Inc., v. SHATTUCK.

### No. 617.

Circuit Court of Appeals, Tenth Circuit.

Oct. 21, 1932.

Douglas Hudson, of Ft. Scott, Kan. (M. J. Healy, of Topeka, Kan., on the brief), for petitioner.

John A. Hall, of Pleasanton, Kan., for respondent.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

LEWIS, Circuit Judge.

This is an original proceeding for writ of certiorari. We permitted the petition for the writ to be filed, and from it and the exhibits attached thereto we find these material facts: Willietta Shattuck obtained judgment in the United States District Court for the District of Kansas on May 14, 1930, against Pickwick Stages Corporation for $5000.00. The judgment remaining unpaid she instituted suit in the state district court of Kansas on August 25, 1931, against Pickwick-Greyhound Lines, Incorporated, M. J. Healy, and others to recover damages of them— $5000.00 actual and $5000.00 punitive—because of an alleged conspiracy between said defendants to defeat the collection of her said $5000.00 judgment. Pickwick-Greyhound Lines, Incorporated, filed its petition to remove the cause to the proper United States District Court on the ground of a separable controversy, which was sustained. After removal to the federal court, Mrs. Shattuck, the plaintiff, moved that the case be remanded to the state court. There are two District Judges in the District of Kansas. One of them on November 2, 1931, entered an order overruling said motion to remand. Later, the other judge entered an order sustaining the motion to remand. It is this latter order that the application for the writ seeks to challenge and have reversed or cancelled.

Where the question presented is not one of jurisdiction it is improper for a judge to vacate or overrule a prior order or decision made in the case by another judge of equal rank. Such practice has been uniformly condemned, and the reasons for its condemnation are sufficiently set forth in Commercial Union of America v. Anglo-South American Bank (C. C. A.) 10 F.(2d) 937, and Hardy v. North Butte Mining Co. (C. C. A.) 22 F.(2d) 62; and Plattner Imp. Co. v. International Harv. Co. (C. C. A.) 133 F. 376. But in those cases the subject was considered—in two on error and in the other on appeal.

When the writ was applied for here the case had gone back to the state court. That court had again assumed jurisdiction and was proceeding with the cause; and properly so, we think, under the removal statute. Certainly this court cannot oust that court of its jurisdiction and restore the jurisdiction of the United States District Court over the cause and the parties even if we went to the extent of ordering the District Judge to cancel the remanding order. Nor do we know of any power, if that were done, enabling the District Court to regain jurisdiction. But the removal statute (section 71 of title 28, U. S. Code [28 USCA § 71]) contains this:

"Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

The Supreme Court in several cases has held that this statute prohibits review by writ of mandamus of an order of the District Court remanding a case to the state court. In Ex parte Matthew Addy S. S. & Commerce Corp., 256 U. S. 417, 41 S. Ct. 508, 65 L. Ed. 1027, petition was presented to that court for the writ directing the District Judge to vacate his order remanding the case, to redocket it in the District Court, and that it thereupon be heard and determined according to law. Like prior cases are there reviewed, and from one of them this ruling is re-announced:

"The abrogation of the writ of error and appeal would have had little effect in putting an end to the question of removal, if the writ of mandamus could still have been sued out in this court. It is true that the general supervisory power of this court over inferior jurisdictions is of great moment in a public point of view, and should not, upon light grounds, be deemed to be taken away in any case. Still, although the writ of mandamus is not mentioned in the section, yet the use of the words 'such re-

mand shall be immediately carried into execution,' in addition to the prohibition of appeal and writ of error, is strongly indicative of an intent to suppress further prolongation of the controversy by whatever process. We are, therefore, of opinion that the act has the effect of taking away the remedy by mandamus as well as that of appeal and writ of error."

In Wabash R. Co. v. Woodrough, 29 F. (2d) 832, the Eighth Circuit Court of Appeals held it was without jurisdiction to review by mandamus a remanding order.

The statute (section 377, title 28, U. S. Code [28 USCA § 377]), providing for the use of extraordinary writs, says they may be issued when "necessary for the exercise of their respective jurisdictions"; and it is said to be an established rule now that the writ will issue to protect jurisdiction of this court that has already attached and also its potential jurisdiction. But this is a statutory court and the question presented is answered by statute. Section 80 of title 28, U. S. Code (28 USCA § 80) contains this:

"If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require. * * * * "

This section requires the District Judge at any time it appears that the District Court is without jurisdiction of the cause, no matter how that fact is made to appear, to dismiss said cause or remand it to the state court as justice may require. The order remanding the cause was made on a question of jurisdiction which is at all times kept open for consideration. The removal statute compels a dismissal or remanding order if it shall appear to the District Court at any time that the suit is not within its jurisdiction. Petitioner cites and relies on cases in which there were contradictory rulings on issues that involved the merits, and they were regarded as procedural errors that could be and were reached and corrected on appeal or error. If we put the removal statute aside petitioner's position is no better, for an original extraordinary writ cannot be used as a substitute for appeal. United States v. Beatty, 232 U. S. 463, 34 S. Ct. 392, 58 L. Ed. 686; Turner v. United States (C. C. A.) 14 F.(2d) 360.

There may be an exception to the implied limitation of the statute that gives the courts power "to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." That exception seems to be this: Such writs may issue from this court to the District Courts as by original remedial right where there has been an excess of jurisdiction and there is imperative necessity for the writ as a corrective means. Ex parte Chetwood, 165 U. S. 443, 462, 17 S. Ct. 385, 41 L. Ed. 782; Whitney v. Dick, 202 U. S. 132, 140, 26 S. Ct. 584, 50 L. Ed. 963; United States v. Beatty, supra; Greyerbiehl v. Hughes Elec. Co. (C. C. A.) 294 F. 802, 805, 806; Turner v. United States, supra. The first order overruling the motion to remand left the case fully within the jurisdiction of the District Court. Either District Judge, at any time thereafter that it appeared to him that the controversy was not properly within the jurisdiction of the court, could have remanded it. It would have been his duty to do so. Therefore, the second order remanding the case was not in excess of the court's jurisdiction. In Harris v. Barber, 129 U. S. 366, 9 S. Ct. 314, 316, 32 L. Ed. 697, this is said of the writ when sought as an original remedy:

"Certiorari goes only to the jurisdiction. It does not go to any errors of judgment that may have been committed by the justice in the progress of the exercise of that jurisdiction."

Nor does it appear that there is imperative necessity for the writ in furtherance of justice. The challenged order did not determine the controversy, and it is to be assumed that petitioner's rights will be as fully protected in the state court and it will receive the same measure of justice there as it would in the federal court.

Finally, in Yankaus v. Feltenstein, 244 U. S. 133, 37 S. Ct. 567, 570, 61 L. Ed. 1036, the Supreme Court said this of an order remanding a cause:

"This court has more than once held that such an order is not subject to review, di-

488

rectly or indirectly, but is final and conclusive."

The writ should be denied and the petition dismissed. It is so ordered.