## MINNESOTA & ONTARIO PAPER CO. et al. v. MOLYNEAUX, District Judge.

### No. 381.

Circuit Court of Appeals, Eighth Circuit.
March 17, 1934.

Mortimer H. Boutelle, of Minneapolis, Minn. (A. H. David, John H. Hougen, John C. Holten, Tom Davis, and Ernest A. Michel, all of Minneapolis, Minn., on the brief), for petitioners.

Henry C. Carlson and John B. Faegre, both of Minneapolis, Minn. (Cobb, Hoke,

Benson, Krause & Faegre and Fowler, Carlson, Furber & Johnson, all of Minneapolis, Minn., on the brief), for respondent.

Before STONE, GARDNER, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is an application for a writ of mandamus or (alternatively) of prohibition against Judge Molyneaux, of the District of Minnesota. The basis of the application is that a disqualifying affidavit was filed by petitioners against the Judge in Wirt Wilson & Company v. Minnesota and Ontario Paper Company, pending before him, and that the judge erroneously held such insufficient and is proceeding to exercise jurisdiction therein.

In limine, we are met by a challenge from respondent of the jurisdiction of this court to entertain the application. The jurisdiction of federal courts as to such writs is statutory, Henderson Tire & Rubber Co. v. Reeves, Judge, 14 F.(2d) 903, this court, certiorari denied 273 U. S. 744, 47 S. Ct. 336, 71 L. Ed. 870; Muir v. Chatfield, 255 F. 24 (C. C. A. 2) and as to Courts of Appeals, Whitney v. Dick, 202 U. S. 132, 135, 136, 26 S. Ct. 584, 50 L. Ed. 963, is contained in section 377 USCA title 28, the pertinent part of which is as follows: "The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." This statute seems to be a legislative declaration of the judicially declared rule that the use of original writs might be included in appellate jurisdiction. Marbury v. Madison, 1 Cranch, 137, 175, 2 L. Ed. 60; Ex parte Yerger, 8 Wall. 85, 98, 19 L. Ed. 332, and many other cases, and see Ex parte United States, 287 U. S. 241, 245, 53 S. Ct. 129, 77 L. Ed. 283.

One of the limitations of this section is to such writs of this character as "may be necessary for the exercise of their respective jurisdictions." The jurisdiction of the Court of Appeals is purely appellate. USCA title 28, § 225; U. S. v. Mayer, 235 U. S. 55, 65, 35 S. Ct. 16, 59 L. Ed. 129; Whitney v. Dick, 202 U. S. 132, 137, 138, 26 S. Ct. 584, 50 L. Ed. 963. Therefore Courts of Appeals can entertain such writs only where they are "necessary for the exercise of" appellate jurisdiction. Whether such appellate jurisdiction exists is determined, not alone by the pendency of an appeal, but by whether the proceeding in the lower court to be affected by the writ is "within the appellate jurisdiction of the higher court." Ex parte United States, 287 U. S. 241, 246, 53 S. Ct. 129, 130, 77 L. Ed. 283; McClellan v. Carland, 217 U. S. 268, 280, 30 S. Ct. 501, 54 L. Ed. 762. Obviously, the proceeding here in the lower court is within the appellate jurisdiction of this court because it is an ordinary receivership action. Where such appellate jurisdiction exists, the necessary original writs may be entertained for any purpose necessary to protect the full exercise of that jurisdiction. One situation classed within such protection of appellate jurisdiction is where the right of appeal exists but because of the presence of " 'circumstances imperatively demanding' a departure from the ordinary remedy by * * * appeal" (Whitney v. Dick, 202 U. S. 132, 140, 26 S. Ct. 584, 588, 50 L. Ed. 963) is necessary. In such situation, the writs may be employed "as an auxiliary process, and * * * as a means of correcting excesses of jurisdiction, of giving full force and effect to existing appellate authority, and of furthering justice in other kindred ways." United States v. Beatty, 232 U. S. 463, 467, 34 S. Ct. 392, 394, 58 L. Ed. 686. This rule has been recognized in this; Greyerbiehl v. Hughes Elec. Co. (C. C. A.) 294 F. 802, 805, and Turner v. United States (C. C. A.) 14 F.(2d) 360, 361, and other courts, Pickwick-Greyhound Lines v. Shattuck, 61 F.(2d) 485, 487 (C. C. A. 10); Blake v. District Court, 59 F.(2d) 78, 79 (C. C. A. 9).

It has been repeatedly declared by the Supreme Court that various original writs "cannot" be used as a substitute for appeal or writ of error. While this language ("cannot") was suited to the cases wherein used, it is evidently too broad for universal application because other decisions expressly recognize that there are situations where the appropriate writ may be employed even though the remedy of writ of error or appeal exists. Ex parte United States, 287 U. S. 241, 248, 53 S. Ct. 129, 77 L. Ed. 283; In re Lincoln, 202 U. S. 178, 182, 183, 26 S. Ct. 602, 50 L. Ed. 984; Riggins v. United States, 199 U. S. 547, 548, 551, 26 S. Ct. 147, 50 L. Ed. 303. In Riggins v. United States, supra, page 548 of 199 U. S., 26 S. Ct. 147, 148, the court said: "It is settled that the writ of habeas corpus will not issue unless the court under whose warrant petitioner is held is without jurisdiction, and that it cannot be used merely to correct errors. Ordinarily the writ will not be granted when

there is a remedy by writ of error or appeal, yet, in rare and exceptional cases, it may be issued, although such remedy exists." From this situation it is clear that the appellate court has *jurisdiction* in every application for a writ—even where there is a remedy by writ of error or appeal—to determine whether the case is "rare and exceptional" or (as said in the same case, page 551 of 199 U. S., 26 S. Ct. 147, 149) the record discloses "any special circumstances" which justify "a departure from the regular course of judicial procedure." If such "special circumstances" are found to exist, the court *may* issue the writ. If such are found not to exist, the court will refuse the writ for that reason. We construe this condition of the law as follows: The *jurisdiction* exists, but the granting of the writ is within the discretion of the court (Ex parte United States, 287 U. S. 241, 248, 53 S. Ct. 129, 77 L. Ed. 283), and an established rule of law limiting the exercise of that discretion is that the writ will not issue where the remedy of appeal exists (or existed), unless the record discloses such "special circumstances" as to make it a "rare and exceptional" case. If this statement is accurate, we have the jurisdiction, but must determine whether the remedy of appeal exists, and, if it does, whether this is such a rare and exceptional case.

■ The remedy of appeal undoubtedly exists from an order denying sufficiency of a disqualifying affidavit—which is the situation here. Ex parte American Steel Barrel Co., 230 U. S. 35, 45, 33 S. Ct. 1007, 57 L. Ed. 1379; Glasgow v. Moyer, 225 U. S. 420, 32 S. Ct. 753, 56 L. Ed. 1147.

■ Whether this is a rare and exceptional case is, we think, ruled by Ex parte American Steel Barrel Co., supra. If it were not for that case, we would think this an "exceptional" case because it challenges the jurisdiction in a receivership case which involves large properties and where clearly a number of important administrative and other orders will normally be made, and such should not be attended with uncertainty as to the jurisdiction of the Judge making them. However, the situation in that case was so closely analogous to the one here that we are unable to distinguish it. In that case, the disqualifying affidavit was filed in the midst of a bankruptcy proceeding which

seems to have involved considerable properties. Because we think that case rules here, this writ should be denied upon the ground that "there is nothing in this record to disclose that there were any special circumstances which justified a departure from the regular course of judicial procedure." (Riggins v. United States, 199 U. S. 547, 551, 26 S. Ct. 147, 149, 50 L. Ed. 303) afforded by appeal.

■ Even if such "special circumstances" were present, the writ should be denied because the disqualifying affidavit is insufficient. It is so for two reasons. The first is that the statute (USCA title 28, § 25) requires that such affidavit "shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be shown for the failure to file it within such time." Neither was here done, and this was a necessity to the sufficiency of the affidavit. Rossi v. United States, 16 F.(2d) 712, 716, this court. The second reason is that the statute requires that "every such affidavit shall state the *facts* [italics added] and the reasons for the belief that such bias or prejudice exists," and no such facts are sufficiently stated. One purpose of the statute in requiring statement of the "facts" upon which the belief of bias is founded is to function as "a precaution against abuse, removes the averments and belief from the irresponsibility of unsupported opinion, and adds to the certificate of counsel the supplementary aid of the penalties attached to perjury." Berger v. United States, 255 U. S. 22, 33, 41 S. Ct. 230, 233, 65 L. Ed. 481. To perform this function, the "facts" must be clearly identified. That is not true here. Some of the allegations are mere expressions of opinion. Others relate to rulings of the court, but "the bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case." Berger v. United States, 255 U. S. 22, 31, 41 S. Ct. 230, 232, 65 L. Ed. 481; Ex parte American Steel Barrel Co., 230 U. S. 35, 33 S. Ct. 1007, 57 L. Ed. 1379.

Because the remedy of appeal exists and because the affidavit is insufficient as to time of filing and as to statement of facts upon which the belief of bias is based, the writ should be and is denied, and the petition therefor is dismissed.