**UNITED STATES v. 243.22 ACRES OF LAND IN VILLAGE OF FARMINGDALE, TOWN OF BABYLON, SUFFOLK COUNTY, N. Y., et al.**

**No. M–465.**

District Court, E. D. New York.

Oct. 31, 1941.

| [2] Stipulated in record (S. M. P. 405). | | | |
|---|---|---|---|
| Button | 1,506,562 | Burch | 1,671,509 |
| Mansbendel | 1,577,920 | Keller | 1,884,724 |
| Newhall et al. | 1,623,065 | Frederick | 1,955,800 |
| Rice | 1,631,646 | Wegel | 1,704,354 |
| | | Harrison | 1,613,609 |

See, also, D.C., 41 F.Supp. 469.

Harry T. Dolan, Sp. Asst. to Atty. Gen. (Edward H. Murphy, Sp. Atty., Department of Justice, of New York City, of counsel), for petitioner-plaintiff.

E. John Ernst, Jr., of New York City, for defendant Justine L. Lambert.

MOSCOWITZ, District Judge.

■ In this condemnation proceeding, the United States seeks to strike out the demand of the owner of the land for a jury trial. Since New York practice, to which this proceeding must conform, 40 U.S.C.A. § 258; cf. Rule 81 (a) (7), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in absence of overriding Federal law, does not require a jury trial, the question of whether the Constitution or statutes of the United States guarantee the land owner a jury trial in this type of proceeding is placed squarely before the Court.

The issue, as might be expected, is not a new one. The difficulty rests, however, in the existence of two seemingly divergent lines of cases. On the one hand, one group of authorities would appear to lend support to the contention that the Seventh Amendment to the Constitution of the United States and 28 U.S.C.A. § 770 make a jury trial imperative where demanded. Chappell v. United States, 160 U.S. 499, 16 S.Ct. 397, 40 L.Ed. 510; Kohl v. United States, 91 U.S. 367, 23 L.Ed 449; Beatty v. United States, 4 Cir., 203 F. 620, certiorari denied, 232 U.S. 463, 34 S.Ct.

392, 58 L.Ed. 686. On the other hand, the more recent cases tend to support the view that nothing in the Federal Constitution or statutes gives a party a right to a jury trial in this type of proceeding. Crane v. Hahlo, 258 U.S. 142, 42 S.Ct. 214, 66 L.Ed. 514; Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270; Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; United States v. Kennesaw Mountain Battlefield Association, 5 Cir., 99 F.2d 830, certiorari denied 306 U.S. 646, 59 S.Ct. 587, 83 L.Ed. 1045; United States v. Certain Lands in Town of Hempstead,[1] Civil 3520 (E.D.N.Y.1939).

In light of this weighty body of authority of more recent vintage in support of the position of the United States, this Court would find itself constrained to follow the rule of stare decisis in absence of some compelling reason to revert to the rule seemingly laid down by the earlier cases. Yet upon examination of both lines of cases, this Court is led to the conclusion that not only does the weight of recent authority, but also the weight of reason rest with the non-jury rule, if such it may be called.

■ ■ The earlier decisions apparently rest on the conclusion that since a condemnation proceeding is an action at law, it therefore falls within the orbit of the Seventh Amendment which preserves the right of trial by jury "in suits at common law". The fallacy in this reasoning lies in the fact that the Seventh Amendment did not make a jury trial a matter of right in every suit at common law, but merely preserves it where it already existed. History records no regular practice of granting jury trials in condemnation proceedings in English or early American common law (see United States v. Certain Lands in Town of Hempstead, supra), so that the mere entitling of a condemnation proceeding as an action at law is not the pass key to the area wherein lies the right to a jury trial. In fact, it might be said that if most of the earlier cases be carefully examined, few, if any, really presented the clear cut issue of the right to a jury trial.

The motion to strike out the demand for a jury trial is therefore granted.

---

[1] No opinion for publication.