Sergeant William P. HAMILTON, 465–13–5709, United States Army, Petitioner,

v.

Colonel Anthony P. De GIULIO, Colonel Arthur G. Haessig, Colonel Richard S. Arkow, Appellate Judges sitting as Panel 2 of the Army Court of Military Review, and the United States of America, Respondents.

ACMR 9100707.

U.S. Army Court of Military Review.

8 July 1992.

For Petitioner: Captain Teresa L. Norris, JAGC; Captain Michael P. Moran, JAGC (on brief).

For Respondents: None.

Before the Court sitting En Banc.

## OPINION OF THE COURT ON SUGGESTION EN BANC

PER CURIAM:

Petitioner's court-martial conviction is currently pending appellate review by this Court. He has applied to this Court for extraordinary relief, seeking a writ of mandamus against one panel of this Court. The petition concerns an order issued by this Court in response to a motion by petitioner. Petitioner also suggests that the petition be considered by the Court sitting *en banc*. The suggestion has been considered by the Court, but is not adopted.

Petitioner was tried by a special court-martial composed of officer and enlisted members. Pursuant to his pleas, he was found guilty of assault with dangerous weapons, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. §§ 928 (1982) [hereinafter UCMJ]. Contrary to his pleas, he was found guilty of violating a general regulation, in violation of Article 92, UCMJ, 10 U.S.C. § 892. His approved sentence consisted of a bad-conduct discharge, confinement for two months, and forfeiture of $502.00 pay per month for two months.

On 20 November 1991, petitioner's case was referred to this Court. Pursuant to the normal procedure, his case was assigned to Panel 2 of this Court (named as respondents in the petition). On the same day it was referred by the Clerk of the Court to Defense Appellate Division for assignment of defense appellate counsel. After requesting and receiving three extensions of time, petitioner received (six months after assignment of counsel) a

fourth and "last enlargement" of time to file an assignment of error and a brief on his behalf.

On 8 June 1992, one week before the due date for assignments of error, counsel for petitioner filed a motion asserting that unlawful command influence affected the preferral and referral of charges in his case. Petitioner moved this Court to (1) admit a supporting affidavit, (2) direct a hearing in accordance with *United States v. DuBay,* 37 C.M.R. 411 (C.M.A.1967), and (3) hold further appellate review in abeyance pending the outcome of that hearing. This Court denied admission of the affidavit,[1] but ordered appellate government counsel to obtain affidavits from individuals named in petitioner's motion concerning the allegations of command influence. The panel denied the motion to hold the case in abeyance, and ordered any brief and assignment of errors on behalf of petitioner to be filed not later than the scheduled due date.

Petitioner filed a brief on the scheduled due date, assigning as error, *inter alia,* unlawful command influence in the preferral and referral of charges in his case. On the following day, 17 June 1992, the petition now before the Court was filed. The petitioner requests that this Court *en banc* direct the respondent panel to grant petitioner's previous motion.

■ As this Court has pointed out before:

> A writ of mandamus is a drastic remedy which should be issued only in truly extraordinary situations. It is designed to confine a lower court to the lawful exercise of its prescribed jurisdiction. Such a drastic remedy is justified only under exceptional circumstances amounting to gross error; it must amount to a judicial usurpation of power.

*Porter v. Eggers,* 32 M.J. 583, 584 (A.C.M.R.1990) (citations omitted). A petition for extraordinary relief is exactly that:

A request to a court to take exceptional measures to remedy an otherwise unreviewable miscarriage of justice. It is not a substitute for the normal appellate process. *See United States v. Beatty,* 232 U.S. 463, 467, 34 S.Ct. 392, 394, 58 L.Ed. 686 (1914).

Petitioner's request is complicated by the fact that the court from which he seeks relief and the respondent named in his petition are the same entity. The United States Army Court of Military Review is one court, divided into panels. *See* UCMJ art. 66(a), 10 U.S.C. § 866(a). As a court, it has established rules for appellate review of cases and in particular when to sit *en banc.* In a similar situation where the appellate review procedures of the Court were questioned, this Court has stated:

> [T]here is serious doubt that this issue is an appropriate subject for the Court to consider *en banc* or that the court sitting as a whole, with or without the participation of [the panel], has the power to order itself or a part thereof ... to perform certain actions regarding appellant's case while the case is still pending initial appellate consideration before a panel.

*United States v. Duncan,* 34 M.J. 1232, 1234 n. 2 (A.C.M.R.1992). In any event, this Court *en banc* will not participate in attempts at piecemeal appellate review. *See also* Internal Rules, United States Army Court of Military Review, Rule 17.1.

■ Similarly, there is no reason for the respondent judges to exclude themselves from participation in this opinion. The purpose of the petition is to obtain a ruling on the merits of the Court's earlier action. Accordingly, the respondent judges have no real interest in the outcome of what is in reality a continuation of appellate review. *Cf. generally United States v. King,* 482 F.2d 768 (D.C.Cir.1973); *Walker v. Columbia Broadcasting System,* 443 F.2d 33 (7th Cir.1971).

---

**1.** The affidavit was by petitioner's trial defense counsel describing what the noncommissioned officer in charge of a legal center had told him, and indicating that the noncommissioned officer would not provide an affidavit because of fear that his impending retirement might be jeopardized. Believing insufficient evidence was available to determine if a *DuBay* hearing was necessary, this Court ordered government counsel to obtain affidavits from individuals named in the allegations, to include the noncommissioned officer.

We caution counsel that one of the dangers of impulsively seeking a writ before appellate review is complete (or has even begun) is that the action desired may, if warranted, eventually take place. *Cf. In re Corrugated Container Antitrust Litigation,* 614 F.2d 958 (5th Cir.) *cert. denied, Mead Corp. v. Adams Extract Co.,* 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980). "To insure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek." *Mallard v. United States District Court for the Southern District of Idaho,* 490 U.S. 296, 309, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989). Petitioner has failed to make such a showing. His complaint arises from the denial of a motion made during the appellate review of his case. There is no reason to believe that this matter will not be resolved during normal appellate review. *Cf. Pascascio v. Fischer,* 34 M.J. 996, 1001 (A.C.M.R.1992) (discussion of "collateral order" exception).

Notice is hereby given that petitioner's suggestion for *en banc* consideration of his petition has not been adopted by the Court.