**Private First Class Michael J. COYLE, United States Army, Petitioner,**

v.

**COMMANDER, 21ST THEATER ARMY AREA COMMAND; and, the United States of America, Respondents.**

**ARMY MISC. 9701521.**

U.S. Army Court of Criminal Appeals.

14 Nov. 1997.

For the Petitioner: Colonel John T. Phelps II, JA; Lieutenant Colonel Michael L. Walters, JA; Captain Dirk Gifford, JA; Captain Patricia A. Lewis, JA (on brief).

For the Respondent: Respondent was not required to show cause why the petition should not be granted.

Before GORDON, JOHNSTON, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS

### PER CURIAM:

This opinion concerns a petition for extraordinary relief in the nature of a writ of mandamus that was denied by this court on 24 September 1997. *See* Appendix.[1] The petition disputed the remedy provided by the military judge for illegal pretrial punishment not amounting to confinement.[2] We denied

---

1. On 29 September 1997, the petitioner filed a writ appeal petition with the United States Court of Appeals for the Armed Forces. Government appellate counsel did not oppose petitioner's request for extraordinary relief. On 16 October 1997, the writ appeal petition was granted by summary disposition. The distinction between "confinement credit" and "punishment credit" discussed in this opinion was not presented to or addressed by that court.

2. Pursuant to his pleas, the petitioner was convicted by a military judge sitting as a general court-martial, of provoking speech, two specifications of larceny, and four specifications of assault in violation of Articles 117, 121, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 917, 921, and 928 (1988)[hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for twenty-two months, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the con-

the petition for two independent but interrelated reasons: (1) extraordinary circumstances were not present that justified consideration of the issue by means of a writ rather than in the normal course of an appeal; and, (2) petitioner was not clearly and indisputably entitled to the relief sought.

On 22 September 1997, the petitioner filed in this court a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus contending that he would be irreparably harmed if he was not awarded an additional sixty days of credit against his *approved* sentence to confinement.

The issue of credit against the sentence to confinement was fully litigated at petitioner's court-martial. The military judge awarded him twenty-two days of "Allen credit" pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A.1984) for time in pretrial confinement, and one day of "R.C.M. 305 credit" for the failure to hold a prompt magistrate's review. *See* Rule for Courts–Martial 305(i) [hereinafter R.C.M.]; *United States v. Stuart*, 36 M.J. 746 (A.C.M.R.1993).

At his court-martial, the petitioner filed a timely Motion for Appropriate Relief for Sentence Credit for Pretrial Confinement and Violations of Article 13, UCMJ, that was considered during the sentencing proceedings. The military judge specifically found under the totality of the circumstances that the conditions of restriction were not equivalent to confinement. He further found that the conditions of restriction were designed to provide accountability, and "only that."

Although the military judge did not order credit under *United States v. Mason*, 19 M.J. 274 (C.M.A.1985), for pretrial restriction equivalent to confinement, he ruled that requiring the accused to sign in during sleeping hours and ordering a urinalysis based on mere suspicion were "punishment." Three different times the military judge indicated that the requested appropriate relief in the form of sentence credit would be assessed against the *adjudged* sentence to confinement.

First, the military judge announced that "the court will grant a 1 1/2 day for 1 sentence credit for [these actions by the commander] *in its sentence,* for a total of 60 days or 2 months' worth of sentence credit" (emphasis added). He did not further specify whether the "punishment" was merely a mitigating factor that he would include in the calculation of his sentence determination or whether it would result in credit against the approved sentence as a violation of Article 13, UCMJ.

Secondly, after he announced the sentence, including the sentence to confinement for twenty-two months, the military judge stated, "[j]ust so there's no question, but for the credit that I put into my sentence, the sentence to confinement would have been for a period of 24 months." Then the military judge reviewed the pretrial agreement and said, in pertinent part, that the convening authority could approve no sentence greater than "confinement for a period of one year."

Thirdly, a short time later, the following colloquy occurred between the military judge and the trial counsel:

[TC]: Just for clarification on your pretrial credit it does not go against the one year deal. If I understand you correctly, sir, that only affected your sentence from 24 months down to 22.

MJ: Right.

Trial defense counsel did not object at any time to the military judge assessing the "punishment credit" against the adjudged sentence.

At the Regional Confinement Facility at Fort Knox, Kentucky, the petitioner received twenty-two days of *"Allen* credit" for pretrial confinement and one day of "R.C.M. 305 credit" for a delayed magistrate's review of confinement. These credits reduced the one-year sentence to confinement as approved by the convening authority. Based upon those properly awarded confinement credits, the petitioner's minimum release date apparently is 28 November 1997.

The petitioner contended that he should have been given an additional sixty days of

---

vening authority approved only so much of the sentence to confinement as provided for confine-

ment for one year, but otherwise approved the sentence.

credit against the approved sentence to confinement because of the military judge's determination that illegal pretrial punishment was administered. Thus, his new minimum release date would have been 30 September 1997. In his view, the court should have granted the writ of mandamus and ordered the convening authority to amend the court-martial order to reflect a total of eighty-three days of credit against the sentence to confinement. Alternatively, the petitioner requested that the court reassess the sentence.

■ In order to prevail in his request for extraordinary relief in the nature of a writ of mandamus, the petitioner has the heavy burden of meeting two related requirements. First, he must clearly establish that extraordinary circumstances are present that merit resolution by an extraordinary writ. *See Gray v. Mahoney,* 39 M.J. 299, 304 (C.M.A. 1994). Second, he must show that his right to issuance of the writ is "clear and indisputable." *See Lemoine v. Baker,* 36 M.J. 86, 90 (C.M.A.1992)(Crawford J., dissenting) (*citing Bankers Life and Casualty Co. v. Holland,* 346 U.S. 379, 384, 74 S.Ct. 145, 148–49, 98 L.Ed. 106 (1953)); *McKinney v. Jarvis,* 46 M.J. 870 (Army Ct.Crim.App.1997); *United States v. DeBarrows,* 41 M.J. 710 (Coast Guard Ct.Crim.App.1995).

■ A writ of mandamus is a drastic remedy that should be invoked only in truly extraordinary circumstances. *United States v. Labella,* 15 M.J. 228 (C.M.A.1983). A petition for extraordinary relief is exactly that: a request to a court to take exceptional measures to remedy an otherwise unreviewable miscarriage of justice. *See Hamilton v. De Giulio,* 35 M.J. 829 (A.C.M.R.1992). It is not a substitute for the normal appellate process.[3] *See United States v. Beatty,* 232

U.S. 463, 467, 34 S.Ct. 392, 394, 58 L.Ed. 686 (1914).

We specifically note that this is not a writ petition dealing with illegal confinement where "*Allen* credit," "*Mason* credit," "R.C.M. 305 credit," or "*Suzuki* credit" was ordered by the military judge, but was erroneously assessed against the adjudged sentence to confinement. As day-for-day "confinement credit" against the adjudged sentence may not result in meaningful relief because of the actual time served in confinement, it is clear that credit in those circumstances must be assessed against the approved sentence to confinement. *See United States v. Gregory,* 21 M.J. 952 (A.C.M.R.1986). If this were such a case, we would agree that extraordinary circumstances would be present and a writ petition could be an appropriate mechanism to bring the matter to our attention. *See Wiggins v. Greenwald,* 20 M.J. 823 (A.C.M.R. 1985).[4] This petition, however, concerns credit for illegal pretrial punishment rather than credit for illegal pretrial confinement.

The military judge clearly distinguished between "confinement credit" that would be assessed against the approved sentence and "punishment credit" to be applied against the adjudged sentence. The law makes a distinction between these two credits and the way they are applied. In "punishment credit" cases not involving confinement, "[I]t is usually sufficient if some allowance for prior punishment is made either in assessing or reassessing the sentence." *United States v. Stamper,* 39 M.J. 1097, 1099 (A.C.M.R.1994). *See also United States v. Villamil–Perez,* 32 M.J. 341 (C.M.A.1991); *United States v. Latta,* 34 M.J. 596 (A.C.M.R.1992); *United States v. Moore,* 32 M.J. 774 (A.C.M.R.1991).

---

3. The petitioner has asked us to review only the issue of illegal punishment sentence credit rather than to review the entire court-martial under our Article 66, UCMJ, standard. As a general rule, this court will not participate in attempts at piecemeal appellate review, particularly when the standards of review for a writ and an appeal under Article 66, UCMJ, may be significantly different. One involves a "clear and indisputable right to the relief sought," while the other deals with "correct in law and fact" and, "on the basis of the entire record, should be approved."

4. In *Wiggins,* the petitioner raised for the first time the issue of sentence credit for restriction tantamount to confinement. Subsequently, this court held that failure to raise the issue by timely and specific objection at trial waives consideration of the issue on appeal. *See United States v. Walker,* 27 M.J. 878 (A.C.M.R.1989), *aff'd,* 28 M.J. 430 (C.M.A.1989); *United States v. Ecoffey,* 23 M.J. 629 (A.C.M.R.1986).

■ Petitioner was entitled to "punishment credit" for a violation of Article 13, UCMJ, if he persuaded the trial judge that his commander's actions involved either: (a) a purpose or intent to punish; or, (b) unduly rigorous circumstances giving rise to a permissible inference of punishment, or egregious circumstances so excessive as to be considered punishment. *See United States v. McCarthy,* 47 M.J. 162 (1997).

■ If we assume that the military judge was correct in awarding "punishment credit" for illegal pretrial punishment, then his remedy in assessing that credit against the adjudged sentence was proper. Indeed, case law indicated that he must take illegal pretrial punishment into account in determining an appropriate sentence. *See United States v. Cruz,* 25 M.J. 326 (C.M.A.1987). While credit for illegal pretrial confinement must always be assessed against the approved sentence to confinement, credit for illegal pretrial punishment must, at a minimum, be assessed against the *adjudged* sentence and may, under some circumstances, be assessed against the approved sentence to confinement. *See United States v. Suzuki,* 14 M.J. 491 (C.M.A.1983).

Assuming that extraordinary circumstances are present, justifying our consideration of this petition, then the petitioner has failed to show, in the face of existing case law, that he has a "clear and indisputable" right to have the "punishment credit" assessed against the approved sentence to confinement. Thus, we have denied the petition.

### APPENDIX

### ORDER

On consideration of the Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, the petition is DENIED, without prejudice to petitioner's right to assert the same error during the course of regular appellate review. An opinion will follow.

DATE: 24 September 1997.