**UNITED STATES, Appellee,**

v.

**Private (E–1) Henry J. DiMATTEO, Jr.,
065–64–0449, United States
Army, Appellant.**

**CM 444786.**

U.S. Army Court of Military Review.

31 Jan. 1985.

Captain Pamela O. Barron, JAGC, argued the cause for the appellant. With her on the brief were Colonel William G. Eckhardt, JAGC, Lieutenant Colonel Paul J. Luedtke, JAGC, and Captain Rita R. Carroll, JAGC.

Captain Kurt J. Fischer, JAGC, argued the cause for the appellee. With him on the brief were Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Karen A. Charbonneau, JAGC.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

NAUGHTON, Judge:

On 9 February 1984 this Court affirmed the findings and sentence in appellant's case. On 16 February 1984 appellate de-

fense counsel filed with the Court a motion for reconsideration, a motion to hold in abeyance, and a motion to strike. The Government filed an opposition to both the motion for reconsideration and the motion to hold in abeyance on 23 February 1984. On that same date the Government filed a motion to amend its Reply to the Assignment of Error. On 24 February 1984 we granted the motion for reconsideration and the motion to amend and denied the motion to hold in abeyance, mooting the appellant's motion to strike. On 16 March 1984, we issued an order holding the proceedings in abeyance and allowing counsel to file additional documents or arguments.

On 14 and 16 May 1984, the Government filed a motion to admit Government Appellate Exhibits 1, 2, and 3 consisting of affidavits executed by appellant's battalion commander and an inquiry of investigation pertaining to appellant's allegation that he suffered seven days' illegal pretrial confinement in a unit storage room following the commission of a charged offense. Appellant filed a motion on 26 June 1984 to admit Defense Appellate Exhibits 1, 2, and 3 consisting of affidavits executed by two soldiers who guarded appellant while he was allegedly incarcerated in the storage room, and a statement executed by appellant. The Government filed an opposition to the defense motion.

We find the above-styled motions to be cumulative and unnecessary for this Court to consider in resolving the case on appeal. Mil.R.Evid. 403. The motions to file Government Appellate Exhibits 1, 2, and 3 and Defense Appellate Exhibits 1, 2, and 3 are therefore denied.

Appellant's motion for reconsideration is based upon seven days of alleged illegal pretrial confinement he suffered in a storage room maintained by his artillery battery on the kaserne at Inneringen, Germany. During the presentencing portion of the trial, appellant testified in a sworn statement that following his 27 February 1983 assault upon another servicemember in his unit, he was incarcerated in a basement storage room under guard. Accord-

ing to appellant's unimpeached testimony, he was not allowed to speak to anyone, to exercise, or even to read his Bible. The room was unsanitary, dirty, and replete with camouflage nets and gas cans. On the seventh day, appellant was found unconscious in the room buried under a mound of camouflage netting. He was subsequently hospitalized.

Prior to sentencing, the military judge was informed by the trial counsel without objection by the defense that appellant had undergone pretrial confinement from 18 June 1983 until the date of trial. No mention of appellant's alleged incarceration in the storage room was made until his sworn statement during the presentation of evidence in extenuation and mitigation. His defense counsel referred to his incarceration in the storage room during argument on sentencing.

Appellant contends on appeal that the military judge, the staff judge advocate, and the convening authority erred by failing to inquire into the conditions within the storage room and by failing to grant sua sponte relief despite the defense counsel's failure to make a specific motion to this effect. At a minimum, appellant seeks day-for-day credit under *United States v. Allen*, 17 M.J. 126 (C.M.A.1984), for the seven days he spent in the storage room on the basis that this custody constituted pretrial confinement. In his prayer for relief, appellant asks this Court to set aside the findings and sentence or reassess his sentence based upon the onerous nature of his custody in the storage room.

■ We find the conditions of appellant's custody to be substantially more onerous than that determined by the United States Court of Military Appeals to "amount to confinement" in *United States v. Schilf*, 1 M.J. 251 (CMA 1976). As a result, appellant is entitled to seven days' administrative credit against his sentence to confinement. *United States v. Mason*, —— M.J. ——, No. 50740 (C.M.A. 11 Jan. 1985).

■ Appellant also contends that the post-trial review is deficient by merely offering the convening authority a paraphrased rendition of appellant's testimony at trial concerning the conditions within the storage room. We do not find the post-trial review to be deficient in its discussion of appellant's incarceration in the storage room. However, assuming it was, the defense counsel's failure to object to such a defect in his rebuttal to the post-trial review constitutes waiver. *United States v. Barnes*, 3 M.J. 406, 407 (C.M.A.1977).

■ Finally, appellant contends that the convening authority and military judge erred by failing to give appellant additional sentence credit, *á la United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983), for the week he served in illegal custody. While we deplore appellant's illegal incarceration, we do not find that he was entitled to sua sponte relief under the facts of the case.[1] Certainly appellant would have been entitled to administrative credit under *Suzuki* for illegal pretrial confinement in addition to that afforded under *Mason* had he requested it. Instead, appellant's defense counsel elected to address the issue during the presentation of evidence in extenuation and mitigation and during his argument prior to sentencing. *Cf. United States v. Henry*, 41 C.M.R. 946 (A.F.C.M.R.1969), *pet. denied*, 41 C.M.R. 403 (CMA 1970). This tactical decision should not be second-guessed now. It may well have been an effective tactic in appellant's trial. *See United States v. Larner*, 1 M.J. 371, 372 (C.M.A.1976); and *United States v. Malia*, 6 M.J. 65, 72 (C.M.A.1978) (Cook, J., dissenting) ("an accused is likely to benefit more from a procedure that allows the sentencing authority to take account of pretrial confinement, especially if it is illegal ... than he is by an administrative

credit...."). We note that appellant's adjudged sentence, which included a dishonorable discharge and confinement at hard labor for three years, was substantially less than the maximum imposable sentence, which included a dishonorable discharge and confinement at hard labor for forty-one years and six months. The fact that the military judge heard appellant's testimony concerning the conditions of his confinement is sufficient to satisfy us that he received sentencing consideration which offset the prejudice he suffered as a result of conditions within the storage room. *See United States v. Moore*, 1 M.J. 856 (A.F.C.M.R.1976).

Having reconsidered appellant's case in accordance with our obligations under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1982), we again affirm the findings and the sentence. Appellant will be credited with service of seven days.[2]

Senior Judge WOLD and Judge COHEN concur.

---

1. The Court is not insensitive to appellate defense counsel's frustration over what she perceives to be the failure of various Government officials to investigate and, if appropriate, take action against the persons responsible for the conditions of appellant's pretrial restraint. It is not the function of the Court, however, to serve as an arm of the public prosecutor.

2. This is in addition to the sentence credit he is entitled to receive for service of pretrial confinement from 18 June 1983 until 8 September 1983, unless his sentence to confinement at hard labor has already been served.