**UNITED STATES, Appellee,**

v.

**Private (E–2) Vincent L. GREGORY, 250–82–0342, United States Army, Appellant.**

**SPCM 21274.**

U.S. Army Court of Military Review.

6 Jan. 1986.

On Motion For Reconsideration And Motion To Take Judicial Notice Feb. 26, 1986.

Captain David W. Sorensen, JAGC (argued); Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, (on brief), for appellant.

Captain Karen L. Taylor, JAGC (argued); Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, (on brief), for appellee.

Before RABY, NAUGHTON and ROB-BLEE, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Appellant was convicted of three separate offenses of wrongful appropriation, in violation of Article 121, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 921 (1982).

On 15 January 1985, a panel of officer members sentenced appellant to a bad-conduct discharge, confinement for five months, forfeiture of $350.00 pay per month for five months, and reduction to Private E-1. On 28 January 1985, appellant filed a Petition for Extraordinary Relief in the nature of a Writ of Habeas Corpus with this court. This court elected to defer ruling on the petition pending the convening authority's decision on a written request by appellant that the unexecuted portion of the sentence to confinement be immediately deferred. On 29 January 1985, the convening authority granted appellant's request for confinement deferment. On 20 February 1985, the convening authority approved the adjudged sentence. On 22 February 1985, the convening authority withdrew the 20 February 1985 action and approved confinement for three months and the remainder of the sentence. The convening authority continued the deferment of the sentence to confinement pending appellate review. Thus, appellant has approximately 75 days of confinement left to serve, less any authorized reduction for good time, *Mason* credit,[1] or any other credit that might hereafter be directed.

Appellant asserts that the military judge erred in failing to grant him administrative credit pursuant to Rule for Courts-Martial [hereinafter RCM] 305(k) for 31 days of pretrial restriction.

The record establishes that the military judge found appellant's pretrial restriction to be tantamount to confinement, and ruled that appellant was entitled to 31 days of administrative credit in accordance with *United States v. Allen,* 17 M.J. 126 (C.M.A. 1984).[2] Thereafter, the military judge de-

---

1. *United States v. Mason,* 19 M.J. 274 (C.M.A. 1985) (summary disposition).

2. Although the military judge referred to this day for day credit as *Allen* credit, since the

decision of the Court of Military Appeals in *United States v. Mason,* 19 M.J. 274 (C.M.A. 1985) (summary disposition), this credit more aptly should be (and will hereinafter be) referred to as *Mason* credit.

nied the timely motion of defense counsel for additional administrative credit pursuant to RCM 305(k).

 The government asserts that the military judge abused his discretion in determining that the 31 days which appellant spent in pretrial restriction constituted restriction tantamount to confinement.[3] We *normally* will not find that the military judge abused his discretion in making these *factual* determinations, unless the government convinces this court that "there was no evidentiary basis for his factual conclusion." *Cf. United States v. Allen,* 21 M.J. 72, 73 (C.M.A.1985) (Court of Military Appeals, which lacks statutory fact-finding power, was bound by the military judge's factual determination that defendant intended to kill the victim.) We find that the government has failed to meet its burden of showing a lack of a proper evidentiary basis for the military judge's *factual* findings. Accordingly, we will not disturb these findings. Furthermore, the trial record clearly reflects some basis for the factual findings of the military judge. *Compare* the facts considered in *United States v. Smith,* 20 M.J. 528 (A.C.M.R. 1985), *pet. denied,* 21 M.J. 169 (C.M.A. 1985), *with* the facts considered in *Wiggins v. Greenwald,* 20 M.J. 823 (A.C.M.R.), *writ appeal denied,* 20 M.J. 196 (C.M.A.1985), *and Washington v. Greenwald,* 20 M.J. 699 (A.C.M.R.), *writ appeal denied,* 20 M.J. 324 (C.M.A.1985), *reaffirmed sub. nom. United States v. Washington,* CM 446797 (ACMR 3 Jul.1985) (unpub.).[4]

 The record of trial also discloses that, notwithstanding the existing conditions of restraint which the military judge determined to be tantamount to confinement, the agents of the government failed to comply with the procedures of either RCM 305(h)[5] or RCM 305(i).[6] On its face RCM 305 applies to situations involving "pretrial confinement." Thus, the first issue which must be resolved[7] is whether

---

3. The military judge found that appellant's pretrial restriction was "tantamount to confinement"; that is, "the nature of this particular restriction was in essence incarceration."

4. Thus, the test to determine whether the military judge abused his discretion is not whether this court, especially in view of its subsequent precedent, would have found as a case of first impression that appellant's pretrial restraint was tantamount to confinement. Rather, the test, as discussed in the above text, can be restated as follows: Whether in view of the relevant law applicable to the particular case and on due consideration of all the circumstances, the exercise of discretion by the military judge was not one that reasonably could have been made. *United States v. Lutz,* 18 M.J. 763 (C.G.C. M.R.1984).

5. RCM 305(h) pertinently requires that within 72 hours after ordering a soldier into "pretrial confinement," the commander will review the attendant circumstances to determine whether continued "pretrial confinement" is appropriate. If continued "pretrial confinement" is approved, the commander will prepare a written memorandum stating the reasons to support his determination that the requisite reasonable grounds for such a decision exist.

6. RCM 305(i) pertinently requires a mandatory review by a neutral and detached officer of the adequacy of the probable cause (reasonable grounds) existing for believing that the soldier has committed an offense and for establishing the necessity for the soldier's continued "pretrial confinement."

7. The government argued that this court is without authority to determine whether RCM 305 applies to restriction which is tantamount to confinement, because we would, in effect, be creating a new procedure to govern such restraint and, thus, would be usurping the authority of Congress and the President. This novel argument is—most kindly stated—devoid of merit. The RCM 305 procedure was promulgated by the President before the case of *Mason* was decided. We are *interpreting* the term "restriction tantamount to confinement" to determine whether it constitutes pretrial confinement within the meaning of the *existing* procedural provisions of RCM 305. Moreover, we believe that this issue also involves both procedural due process of law under the United States Constitution, amendment V, and military due process of law questions. In any event, this court has the power to review the circumstances surrounding a prisoner's pretrial restraint. *See, e.g., United States v. Martinez,* 19 M.J. 744, 747 (A.C.M.R.) (although it was within the jurisdiction of this court to review the issue of whether appellant's pretrial confinement violated Article 13, UCMJ, 10 U.S.C. § 813, the issue had been waived), *pet. denied,* 21 M.J. 27 (C.M.A.1985). This court has the military expertise and special fact-finding power which makes it uniquely qualified, among all other existing courts of our

RCM 305 also applies to situations where an accused is ordered into a pretrial restriction that is so onerous as to be tantamount to confinement.

■ RCM 305(a), states that "[p]retrial confinement is physical restraint...." No mention is made anywhere in RCM 305 of situations involving only restriction that is tantamount to confinement. Pretrial restriction basically involves moral restraint; that is, the soldier is ordered to remain within specified limits, and he becomes morally and legally obligated to comply with the terms of this order. No locks or guards block the soldier's freedom of locomotion; only his moral conscience thereafter circumscribes his movements. As the terms of a pretrial restriction become increasingly onerous, the nature of the accused's pretrial restraint moves further along the spectrum between restriction and confinement, until it finally becomes restriction tantamount to confinement.[8]

■ We believe that the President clearly intended to prescribe standards and procedures in the Manual for Courts-Martial, United States, 1984 [hereinafter MCM], for the imposition of all forms of pretrial confinement and RCM 305 contains this guidance. We note that when an appellant has been subjected to pretrial re-

straint so onerous that it did, in fact, constitute restraint *tantamount* to confinement, he then is entitled to the same day for day administrative credit against his sentence as if he had been placed in actual pretrial confinement. *United States v. Mason*, 19 M.J. 274. This remains true regardless of the convenient label that is affixed to such restraint by his chain of command. We believe that an appellant receives such credit because the Court of Military Appeals has recognized that *the effect which restriction tantamount to confinement has upon an appellant is the practical equivalent of the effect which occurs from a similar period of actual pretrial confinement.* Such a belief is well-founded because the controlling cases reflect that the word "tantamount" was interpreted in a manner consistent with its common meaning. "Tantamount" means "something equivalent", "to amount to as much", or "equivalent in value, significance or effect." Webster's Third New International Dictionary 2338 (1976). This same dictionary defines the word "equivalent" as "to have equal power", "equal in force or amount", "like in signification or import", or "corresponding or virtually identical especially in effect or function." *Id.* at 769.[9] Thus, we find that restriction

---

land, to resolve meaningfully questions concerning the pretrial and post-trial restraint of soldiers. This is the type of difficult, military-unique question which we believe Congress intended this court to rule upon when it enhanced the stature and independent status of this judicial body in 1968. S.Rep. No. 1601, 90th Cong., 2d Sess. 14 (1968) U.S. Code Cong. & Admin. News 1968, pp. 4501, 4514 (Report to Accompany H.R. 15971, Increasing the Participation of Law Officers and Counsel on Courts-Martial) ["Section 2 (27) amends article 66 (boards of review) by redesignating the boards as 'courts of military review'.... The purpose of the amendment is to provide a single appellate body for the review of court-martial cases within each service, *to improve and enhance the stature and independent status of these appellate bodies,* and to provide for sound internal administration within these courts of military review."] (Emphasis added). *See also* 114 Cong.Rec., part 22, S. 12031 (daily ed. Oct. 3, 1968).

8. This court consistently has declined to apply a "bright-line" test in determining the severity and

character of pretrial restraint. Rather, we prefer a "totality of the circumstances" test, because this test is better designed to handle the subtle nuances flowing from the seemingly limitless number of potential combinations of restriction, physical restraint, and conditions on liberty available for command use. In the past, we have been careful not to label restriction as being tantamount to confinement merely because we disliked some of the terms thereof, or because we found these terms to be significantly more onerous than those contained in the so-called routine situations of pretrial restriction. However, in those cases where we did find restriction to be tantamount to confinement we have not hesitated to grant meaningful relief.

9. An examination of the opinions of this court reveals that restriction is normally deemed to be tantamount to confinement only in those circumstances where the onerous effect flowing therefrom is "virtually identical" to the effect which this court believes would flow from a similar period of actual pretrial confinement. *Compare* the circumstances surrounding the re-

tantamount to confinement is a form of pretrial confinement, and that the provisions of RCM 305 apply equally thereto.[10, 11] Accordingly, we conclude that the provisions of RCM 305(h) and RCM 305(i) were violated in this case, and that the appellant is entitled to additional administrative credit under the provisions of RCM 305(k). We believe that the granting of an additional administrative credit as a means of providing an effective remedy for the government's failure to follow RCM 305(h) and RCM 305(i) is not inconsistent with the philosophy underlying *United States v. Suzuki*, 14 M.J. 491, 493 (C.M.A.1983) (the basic concern is that "the remedy for illegal pretrial confinement be effective"),[12]

*aff'd in part, rev'd in part on other grds*, 20 M.J. 248 (C.M.A.1985).

Having concluded that the appellant is entitled to RCM 305(k) credit, we must now determine how that credit is to be applied in this case. Appellant maintains that he should receive 31 days of credit, in addition to *Mason* credit, against his approved sentence. RCM 305(k) pertinently provides that:

> (k) *Remedy. The remedy for noncompliance* with subsection (f), (h), (i), or (j) of this rule *shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance.* Such credit shall be computed at the rate of 1 day credit for each day of confinement

---

straint in *United States v. Smith*, 20 M.J. 528, *with* the facts in *Wiggins v. Greenwald*, 20 M.J. 823, *and Washington v. Greenwald*, 20 M.J. 699. In fact, in *Smith* this court observed "[i]f the level of restraint *falls so close* to the confinement end of the spectrum *as to be tantamount* thereto, an appellant is entitled to appropriate and meaningful administrative credit against his sentence." (Emphasis supplied). *United States v. Smith*, 20 M.J. at 531. We choose not to deviate from this path of consistency in resolving the case at bar.

**10.** We also believe that the President promulgated the standards and procedures found in RCM 305 to regulate pretrial confinement because it is a serious form of deprivation of human liberty. He also intended to provide a framework for ensuring, to the extent practicable, that this form of pretrial restraint, although oppressive in effect, was lawful. We are convinced that the President was more concerned with the *effect* which a given kind of pretrial restraint has than with the artificial label attached thereto.

**11.** Our conclusion that RCM 305 applies in this case is not predicated upon our concern that appellant's commander set the terms of appellant's restriction only after becoming "irritated" because a judge advocate officer advised him not to place appellant in pretrial confinement. The restriction order, although apparently not enforced at all times, provided, in part, that: "PVT Gregory cannot leave room except to use bathroom, eat, duty, and one (1) hour for Chapel services." It also provided for hourly reports to the Charge of Quarters every day of the week from 0600 to 2200 hours.

**12.** We do not believe that it creates an *unreasonable* burden to require commanders to comply

with the procedures of RCM 305 in those extremely limited instances where circumstances require that they place an accused into a restriction so onerous that it is tantamount to confinement. We are not challenging the authority of commanders to do this when they have a legitimate reason therefor, provided they follow the rules prescribed by the President for pretrial confinement. Moreover, in order to become tantamount to confinement, the terms of the pretrial restraint must indeed be quite onerous. Very few forms of pretrial restriction meet this criteria, and RCM 305 applies only to actual pretrial confinement and that pretrial restraint found to be tantamount thereto. For example, the provisions of RCM 305 would not apply to the substantially onerous fact situations found in *Wiggins v. Greenwald*, 20 M.J. at 824 or *Washington v. Greenwald*, 20 M.J. 699, 700. We believe that staff judge advocates following the factual distinctions apparent in *United States v. Smith, Wiggins v. Greenwald*, and *Washington v. Greenwald*, will be able to provide meaningful guidance to commanders concerning types of restrictions that are tantamount to confinement and thus provide meaningful guidance when there must be compliance with the provisions of RCM 305. Moreover, commanders who continuously make probable cause determinations in authorizing searches should have little difficulty in recognizing that it would be prudent either to seek advice from their local judge advocate or, out of caution, comply with the relatively simple procedures of RCM 305 when an individual is to be restricted to a relatively small area (such as a room or one floor of a barracks); when the individual has sign-in requirements of an hour or less; when the individual is to be escorted with an armed guard; *or* when the individual is, during any part of his restriction, locked in a room or otherwise physically restrained.

served as a result of such noncompliance. *This credit is to be applied in addition to any other credit the accused may be entitled as a result of pretrial confinement served. This credit shall be applied first against any confinement adjudged.* If no confinement is adjudged, or if the confinement adjudged is insufficient to offset all the credit to which the accused is entitled, the credit, using the conversion formula under R.C.M. 1003(b)(6) and (7), shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order, if adjudged. For purposes of this subsection, 1 day of confinement shall be equal to 1 day of total forfeiture or a like amount of fine. The credit shall not be applied against any other form of punishment.

(Emphasis added).

■ Unfortunately, RCM 305(k) is not a model of legislative drafting. A cursory reading of this subsection could lead to the erroneous conclusion that RCM 305(k) credit is to be applied only against an "adjudged sentence." In the military a substantial difference exists between an adjudged and an approved sentence. The former is the sentence imposed by the military judge or court-martial members. The latter is the sentence ultimately approved by the convening authority. An approved sentence can never be more than, and, as in the case at bar, is often substantially less than the adjudged sentence. If we were to apply the RCM 305(k) credit to appellant's adjudged sentence, he would receive no meaningful RCM 305(k) credit at all. This we decline to do, especially because *lex non patitur absurdum.*[13]

■ Furthermore, a close reading of RCM 305(k) reveals that it is at best ambiguous concerning this matter. If we were to interpret this provision to apply RCM 305(k) credit solely against appellant's adjudged sentence, we would render meaningless that portion of the rule which provides that "[t]his credit is to be applied *in addition to* any other credit the accused

may be entitled...." (Emphasis added.) It is a fundamental principle that in the construction of statutes and departmental regulations, "the whole and every part thereof must be considered in the determination of the meaning of any of its integral parts." *United States v. Curtin,* 26 C.M.R. 207, 210 (C.M.A.1958). Thus, "[i]t is presumed the enacting authority contemplated the whole of the statute or regulation and every part of it should be significant and effective. Courts, therefore, should endeavor wherever practicable 'to reconcile the different provisions so as to make them harmonious and sensible.'" *Id.* See *United States v. French,* 27 C.M.R. 245, 252 (C.M.A.1959) ("statutes must be interpreted, when possible, to carry out the purposes intended and to give force and effect to all the words and phrases"); *United States v. Voorhees,* 16 C.M.R. 83, 102 (C.M.A.1954) (a regulation should not be construed so as to render a related portion inoperative or ineffectual, and when alternative interpretations are possible, the one selected should be the one which gives effect to the purpose of the writing); *United States v. Batchelor,* 19 C.M.R. 452, 505–506 (A.B.R.1955) ("in construing a statute, significance should be accorded every word and, if it can be prevented, no clause or word should be rendered superfluous, void or insignificant"), *aff'd,* 22 C.M.R. 144 (C.M.A.1956). We believe these general rules of construction are equally applicable to Presidential Executive Orders and Department of Defense Directives. Thus, in summary, "we must adopt the construction which most 'accurately reflects the intention of' the President, 'is more consistent with the structure of the' Rule, 'and more fully serves the purpose of'" RCM 305. *See United States v. Leonard,* 21 M.J. 67, 69 (C.M.A.1985) (The court also opined that when the language of an executive order is not clear and straightforward, the conflict must be resolved by using the same rules of interpretation generally applied to statutory construction.)

---

**13.** The law does not suffer an absurdity.

■ In this case, although appellant already has been granted 31 days of *Mason*-type credit against his approved sentence, it is apparent that RCM 305(k) credit is intended to be applied to provide a credit *in addition to* that to which the accused already is entitled under either *Allen* or *Mason*. This view clearly is consistent with the drafter's interpretation of RCM 305(k). *See* MCM, App. 21, part II, RCM 305(k) [hereinafter Analysis]. The Analysis pertinently provides:

The one day credit *is in addition to the day for day credit provided* by DOD Instruction 1325.4 as interpreted by *United States v. Allen,* 17 M.J. 126 (C.M. A.1984) [14] *and is intended as an additional credit to deter violations of the rule....* The credit for illegal pretrial confinement (in addition to any other administrative credit) is provided as a matter of policy, and does not reflect a determination that such cumulative credit is otherwise required.

The credit applies against confinement, if adjudged and then against several other specified penalties. Thus an accused entitled to sentence relief whose adjudged sentence includes no confinement usually will recieve [sic] some form of sentence relief....

*The rule does not prescribe the mechanics for implementing the credit since* *this will depend on the stage at which the violation of the rule is discovered. Cf. United States v. Larner* [1 M.J. 371 (C.M.A.1976)]. Usually the illegality will be determined by the trial judge, who shall also announce the remedy. After the sentence is announced, the military judge should announce on the record how the credit will apply to it.... It is the responsibility of the convening authority to apply credit when action is taken on the sentence. *See* Article 57, 10 U.S.C. § 857.

(Emphasis and footnote added).

Accordingly, we conclude that the 31-day RCM 305(k) credit shall be applied against appellant's approved sentence.

The findings of guilty and the sentence are affirmed.

■ For the reasons above discussed, appellant shall be given 31-days of RCM 305(k) credit in addition to the 31-days of *Mason* credit which he has already received.[15] These credits shall be deducted from appellant's approved sentence, at the appropriate military confinement facility, in accordance with the same general administrative procedure as is employed for deducting *Allen* credit.[16]

Judge NAUGHTON and Judge ROBBLEE concur.

---

14. *Mason* credit is the equivalent form of day for day credit granted in cases when the restriction was determined to be tantamount to confinement. *Allen* credit is day for day credit granted for periods of *actual* pretrial confinement. RCM 305(k) credit is, of course, the additional credit to be granted when the major provisions of RCM 305(k) are not completely followed. Some would label RCM 305(k) credit as additional credit for illegal pretrial confinement, but it is not broad enough in scope to cover all such situations. *See generally, United States v. Suzuki,* 14 M.J. 491 (C.M.A.1983); *cf. United States v. DiMatteo,* 19 M.J. 903, 905 (A.C. M.R.) (Certainly appellant would have been entitled to administrative credit under *Suzuki* for illegal pretrial confinement in addition to that afforded under *Mason* had he requested it), *pet. denied,* 20 M.J. 305 (C.M.A.1985).

15. Although we have elected to rely on RCM 305 in awarding credit to appellant, this court has the inherent authority to award additional cred-

it when merited by the facts of a particular case. *Cf. United States v. Suzuki,* 14 M.J. 491. If the President does not desire that the provisions of RCM 305 be applied to those cases when restriction is deemed to be tantamount to confinement, RCM 305 can be changed during the annual examination and update of the MCM which is required pursuant to Executive Order 12473, as amended by Executive Order 12484, dated 13 July 1984.

16. We believe our decision today balances both the commander's need for flexibility in maintaining law, order, and discipline within his unit and the genuine safety and due process concerns which arise when a commander, in effect, confines an individual in an area that does not qualify as a military confinement facility and which is supervised by persons who usually are not confinement specialists. RCM 305 will not prevent any commander from using restriction tantamount to confinement in any situation where he could have used pretrial confinement.

## OPINION OF THE COURT ON MOTION FOR RECONSIDERATION AND MOTION TO TAKE JUDICIAL NOTICE

PER CURIAM:

Appellee requests this court to reconsider its ruling in *United States v. Gregory*, 21 M.J. 952 (A.C.M.R.1986). We decline to do so.

We believe that restriction is not a form of confinement; however, restriction tantamount to confinement is in essence a form of confinement and is not a form of restriction. In determining whether a soldier is in pretrial confinement, we are concerned with the *effect* which the pretrial restraint has upon the exercise of his various constitutional rights, for example, the right to privacy, freedom of locomotion, freedom of speech, freedom of assembly, and freedom of worship. The name given to the type of restraint imposed is not suasive, because *nomina mutabilia sunt, res autem immobiles.*[1]

Because restriction tantamount to confinement is in essence confinement, the basic provisions of Rule for Courts-Martial [hereinafter referred to as RCM] 305 apply. The authority to grant administrative credit pursuant to *United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983), is not an equally effective substitute for the procedures of RCM 305. If restriction tantamount to confinement is a form of confinement, as we have consistently interpreted it to be, then certain due process and military due process rights unavoidably become germane. We believe, for example, that a servicemember should not be placed in pretrial confinement unless probable cause exists to believe that an offense triable by court-martial has been committed and that the servicemember committed it, *see Courtney v. Williams*, 1 M.J. 267 (C.M.A.1976); a legitimate basis exists to place the individual in pretrial confinement, *see United States v. Heard*, 3 M.J. 14 (C.M.A.1977); and a timely review is provided by a neutral and detached officer of the adequacy of both the probable cause and of the necessity for continued pretrial confinement.[2] *See Courtney v. Williams*, 1 M.J. 267. We believe that the mere after-the-fact granting of additional administrative credit can never replace the above procedures because these procedures are designed to protect both due process and military due process rights.[3]

The appellee maintains that our opinion fails to provide staff judge advocates with sufficient guidance to properly advise their commanders concerning this matter—we believe such an argument underestimates the skill of these fine officers. If the government remains concerned, however, Army regulations can be amended to provide clear policy guidance which will resolve this matter. For example, commanders' authority to place people in restriction could be withheld so that the only types of restrictions authorized would be those which would not constitute a form of restriction tantamount to confinement.

Finally, footnote 12 in *United States v. Gregory*, 21 M.J. at 956, should not be construed as holding that conduct in violation of various punitive articles of the the

---

Moreover, we again repeat that most severe forms of pretrial restraint will not be tantamount to confinement and, thus, RCM 305 will not be applicable. Judge Advocates should become familiar with the distinction between *Smith* and the *Wiggins/Washington* cases and advise commanders accordingly. *See United States v. Smith*, 20 M.J. 528; *Wiggins v. Greenwald*, 20 M.J. 823; *Washington v. Greenwald*, 20 M.J. 699.

1. Loosely translated, this phrase means: "A name may be true or false, or may change, but the thing itself always maintains its identity." Black's Law Dictionary 946 (5th ed. 1979).

2. In the Army, this would normally be accomplished by a military magistrate. Of course, the reasons in support of the commanders' decision to place the individual into pretrial confinement should be timely reduced to writing to facilitate this review.

3. We remind the government that bail is not available to our servicemembers, so the pretrial confinement due process procedures found in RCM 305 become most significant in helping to maintain the delicate constitutional balance that so strongly separates military service in a democracy from military service in a police state.

UCMJ, such as Articles 92, 10 U.S.C. § 892, 93, 10 U.S.C. § 893, 97, 10 U.S.C. § 897, 98, 10 U.S.C. § 898, 128, 10 U.S.C. § 928, 133, 10 U.S.C. § 933, and 134, 10 U.S.C. § 934, would be condoned merely because a commander subsequently follows the procedures contained in RCM 305.

Appellee's motion for reconsideration and motion to take judicial notice [4] are denied.

UNITED STATES, Appellee,

---

**4.** Appellee requests that we take judicial notice of the record of trial and accompanying affidavits dealing with the issue of restriction tanta-mount to confinement in *United States v. Rowden,* CM 446880. We decline to do so.