UNITED STATES, Appellee,

v.

Private E–1 John L. BARNUM, 159–56–1724, United States Army, Appellant.

ACMR 8600541.

U.S. Army Court of Military Review.

11 June 1987.

by the U.S. Navy Court of Military Review, and he was retried on the withdrawn charges.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Stephen W. Bross, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Brendan F. Flanagan, JAGC (on brief).

Before O'ROARK, RABY, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

 Appellant asserts that he is entitled to a total of 138 days of administrative credit, because he was placed on 69 days of restriction tantamount to confinement.[1] A close examination of the circumstances surrounding appellant's restraint reveals that he was placed in a modified form of restriction to the company area and although some attributes of his restriction were severe,[2] appellant's pretrial restraint, when measured using the test formulated in *United States v. Smith*, 20 M.J. 528 (A.C. M.R.), *petition denied*, 21 M.J. 169 (C.M.A. 1985), does not constitute restriction tantamount to confinement. *See generally Wiggins v. Greenwald*, 20 M.J. 823 (A.C.M.R.), *writ appeal denied*, 20 M.J. 196 (C.M.A. 1985) *findings aff'd, sent. modified on other grounds sub nom., United States v. Wiggins*, CM 446655 (A.C.M.R. 20 May

---

1. Appellant relies on the precedent of *United States v. Mason*, 19 M.J. 274 (C.M.A.1985) (summary disposition) (awarding administrative credit for time spent in restriction which is tantamount or "equivalent to" confinement) and *United States v. Gregory*, 21 M.J. 952 (A.C.M.R. 1985), *affirmed*, 23 M.J. 246 (C.M.A.1986)(summary disposition)(R.C.M. 305(k) credit applies to restriction tantamount to confinement cases) in calculating the 138 days of administrative credit. We believe that if appellant was in such a pretrial restraint posture for 69 days and if neither the *Mason* credit nor *305(k)* credit issue were waived, then he would be entitled to 138 days of credit. *But see United States v. Freeman*, 24 M.J. 547 (A.C.M.R.1987) (deducting certain time from the R.C.M. 305(k) credit; implying that situations resulting in restriction tantamount to confinement may well constitute illegal pretrial restraint in violation of one or more punitive provisions of the Uniform Code of Military Justice, but not discussing the probable applicability of credit under the *Suzuki* theory, *United States v. Suzuki*, 14 M.J. 491 (C.M.A. 1983), in such circumstances).

2. Any severe or unique terms of an accused's pretrial restraint can be presented, in the event of conviction, as a matter in mitigation during presentencing procedure.

1985)(unpub.). Accordingly, we find this assignment of error to be without merit.

■ Appellant also asserts that Specifications 2 through 6 of Charge I (larceny by check) are multiplicious for findings and sentencing with the check forgery offenses averred in Charge II and its Specification. The government concedes that Specification 6 of Charge I is multiplicious for sentencing with Charge II and its Specification. The government argues that Specifications 2 through 5 of Charge I should be considered as separate offenses from Charge II and its Specification, partially because "appellant's use of unwitting soldiers to cash the [forged] checks exacerbates the seriousness of his criminal conduct and clearly separates the forgeries from the larcenies." We agree with the government's view based on the facts of record before us. We believe that when an accused preys upon an *innocent* third party to cash a forged check so that the proceeds of the cashed check can be stolen by the accused, no sound due process, equity, or policy reasons exist for treating the offenses other than separate.[3]

The finding of guilty of Specification 6 of Charge I is set aside and that Specification is dismissed. The remaining findings of guilty are affirmed.

■ Reassessing the sentence on the basis of both the entire record and the error noted, and considering sua sponte the nature of appellant's pretrial restraint, the sentence is affirmed.[4]

Chief Judge O'ROARK and Judge CARMICHAEL concur.

---

**3.** Although military "legal purists" may wince at the thought, it appears that our current military rules of multiplicity are a curious blend of military due process, equity, and policy considerations. Somehow, through this maze, our appellate courts, with the help of an overall enlightened "field" legal practice, are basically reaching fundamentally fair dispositions of multiplicity issues.

**4.** We are satisfied that appellant has suffered no prejudice as to sentence, especially in view of the convening authority's reduction of the adjudged sentence to conform to the terms of appellant's pretrial agreement. *See United States v. Hendon,* 6 M.J. 171, 175 (C.M.A. 1979); *United States v. Scantland,* 14 M.J. 531, 533 (A.C.M.R.), *petition denied,* 14 M.J. 449 (C.M.A. 1982).