**UNITED STATES, Appellee,**

v.

**Sergeant Charles WALLACE, 425–04–9028, United States Army, Appellant.**

**ACMR 9102846.**

U.S. Army Court of Military Review.

29 Oct. 1992.

For Appellant: Major Fran W. Walterhouse, JAGC, Captain Timothy M. Lawlor, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Major Joseph C. Swetnam, JAGC (on brief).

Before NAUGHTON, BAKER, and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT

JOHNSTON, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial panel consisting of officer members of four specifications of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, forfeitures of all pay and allowances, and reduction to the grade of Private E1. The convening authority approved forfeitures of $523.00 pay per month for twelve months, and otherwise approved the adjudged sentence.

 Although the case was submitted to this court "on its merits," we specified the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY IMPROPERLY INSTRUCTING THE MEMBERS ON THE PROCEDURES TO USE IN VOTING ON PROPOSED SENTENCES.

We have concluded that the military judge erred when he instructed the members that the voting procedures to be used were "similar to if [sic] candidates were running for office" and that the members could "vote on the top two" proposed sentences.

During the sentencing phase of the trial, the military judge properly instructed the nine members on the proper procedures to use in considering proposed sentences. The president of the court then asked, "[d]o we tally the votes after each [proposed sentence]?" The military judge replied as follows:

MJ: Well, you vote on—what you do is, you—every member does not have to propose a sentence but, if they do, every member has the right to propose a sentence. Now, maybe, a couple of people may not want to. After you discuss it, you know, there may be a general consensus on certain types of punishment and maybe four people submit proposals. You vote on each one, starting with the lightest. You say, "How many are in favor of this and how many are in favor or [sic] this and that," and then you'd collect all the ballots. Then you tally them up, similar to if [sic] candidates were running for office. You have Proposed Sentence A—which may be, let's just say, a reprimand; that's the total sentence. The next one may be a reduction in grade and forfeiture, and the next one may be five years' confinement and a bad conduct discharge, and the next one may be ten years' confinement and a dishonorable discharge. Each one of those—you vote on them as a block. You know, "How many are in favor of A," and you do that by secret, written ballot; B, C, and D, and you collect all those votes. Then you'll count them up. "How many votes do we have for A, how many for B, C and D?" The second time around—let's say, the first time around, you get a split of 3, 3 and 3 or something of that nature. You know, you obviously don't have a sufficient amount for any one of them to be accepted as the sentence of the court. So, the next time around, a member may say, "Well, let's just vote on the top two,"—maybe it's A and D or A and C—and so, finé, you vote on those two and then, the same way until a sentence receives the required concurrence, which would be two-thirds if it's ten years or less, and three-fourths if it's more than ten years. Does that pretty well explain it?

[President] Yes, sir.

MJ: Counsel have anything else they want me to add to that?

TC: No, Your Honor.

DC: No, Your Honor.

 Government appellate counsel would have us believe that the instructions on voting, when taken as a whole, were not misleading or prejudicial. We reject that argument, and decline to presume that correct procedures were followed. *See United States v. Harris*, 30 M.J. 1150 (A.C.M.R. 1990). The military judge bears the responsibility for providing the court members with the correct instructions on the procedures to follow in voting for a sentence. *See United States v. Allen*, 21 M.J.

924 (A.C.M.R.1986). In our view, portions of these instructions on sentencing procedures were clearly defective and prejudicial to the appellant even though the trial defense counsel did not object.

Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1006 [hereinafter R.C.M.], sets forth the procedures to be used by the members in deliberating and voting on an appropriate sentence. "Deliberations may properly include full and free discussion of the sentence to be imposed in the case." R.C.M. 1006(b). A sentence proposal "shall be in writing and shall contain the complete sentence proposed." R.C.M. 1006(c). All members "vote on each proposed sentence in its entirety beginning with the least severe and continuing, as necessary, with the next least severe, until a sentence is adopted by the concurrence of the number of members required...." R.C.M. 1006(d)(3)(A).

The military judge failed to follow the requirements of R.C.M. 1006 in his instructions to the members. First, the military judge improperly instructed the members that the procedures were "similar to if [sic] candidates were running for office." Secondly, he compounded the problem by saying that the proposals, i.e., A, B, C and D, were to be voted on "as a block." The meaning of this comment is ambiguous at best, and may have been interpreted improperly by the members. Thirdly, the military judge told the members that they were to vote by secret written ballot for the various proposals, to "collect all those votes," to "count them up," and to compare the number of votes for the different proposals. That instruction is inconsistent with his previous instructions. Fourthly, he presented a hypothetical situation where the nine member's votes were split 3, 3 and 3. These instructions, taken as a whole, were in error as to the only procedure that may be used by members in voting on sentencing.

Voting during sentencing is unlike a political race that may have to be conducted with run-off ballots. In a court-martial, each individual proposed sentence (with its possible components of confinement, forfeitures, reduction, etc.) is voted on to see if the necessary concurrence is obtained. Thus, it would be impossible to get a three-way-split vote if the voting was conducted properly. Members are to vote on only one proposal at a time. In the example provided by the military judge in this case, the proper instruction would have been to vote on the lightest sentence proposal first, then to have the junior member collect and count the votes and then pass them on to the President to be verified and revealed to the other members.

 A military judge should issue additional instructions to the members if they do not understand the procedures to follow during sentencing. Apparent deviation from the approved procedures, however, may be determined to be a violation of military due process. *See United States v. Johnson,* 18 U.S.C.M.A. 436, 40 C.M.R. 148 (C.M.A.1969).

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Senior Judge NAUGHTON and Judge BAKER concur.